**CARL E. ROSTAD**
**RYAN G. WELDON**
Assistant U.S. Attorneys
U.S. Attorney's Office
P.O. Box 3447
Great Falls, MT 59403
119 First Ave. North, #300
Great Falls, MT 59401
Phone: (406) 761-7715
FAX: (406) 453-9973
Email:      Carl.Rostad@usdoj.gov
              Ryan.Weldon@usdoj.gov

**ATTORNEYS FOR PLAINTIFF**
**UNITED STATES OF AMERICA**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MONTANA**
**GREAT FALLS DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>Plaintiff,<br><br>vs.<br><br>**SHAD JAMES HUSTON,**<br><br>Defendant. | **CR 14-46-GF-BMM**<br><br><br><br>**OFFER OF PROOF** |

## INTRODUCTION

Shad James Huston appears before the Court to enter a plea of Guilty to the charge contained in Count I of the Superseding Information, Failure to File Currency Transaction Reports.

The United States, by and through its counsel, Carl E. Rostad and Ryan G. Weldon, Assistant U.S. Attorneys for the District of Montana, submits this Offer of Proof to provide the factual basis for the defendant's plea.

## ELEMENTS

### Failure to File Currency Transaction Reports
### Title 31 U.S.C. § 5324(a)(1)

**First**, that the defendant engaged in a transaction in currency in excess of $10,000 cash with a domestic financial institution as defined in the statute;

**Second**, that the domestic financial institution involved was required to file a currency transaction report;

**Third**, that the defendant knew that the domestic financial institution was required to file a currency transaction report;

**Fourth**, that the defendant caused or attempted to cause the financial institution to fail to file the required report; and,

**Fifth**, that the defendant did so for the purpose of evading the reporting requirement.

**FACTUAL BASIS:**

If this case went to trial in the United States District Court, the United States would prove the following:[1]

Shad Huston operated various businesses including Leon's Pawn & Rental Inc., which did business as Leon's Buy and Sell in Havre, Montana, and Leon's Finance Inc., which did business as Big Sky Pawn in Great Falls, Montana. Pawnshops traditionally transact a substantial number of business transactions in cash. Leon's Buy and Sell and Big Sky Pawn also offer check-cashing services wherein checks are cashed in exchange for a transaction fee.

Leon's Pawn and Rental, Inc., and Leon's Finance, Inc., were registered as Money Service Businesses (MSB) with the Financial Crimes Enforcement Network (FINCen), of the U.S. Department of the Treasury, and constituted a "money services business" under 31 C.F.R. 1010.100(ff)(2), and, in turn, a "financial institution" under 31 C.F.R. 1010.100(t)(3). As a domestic financial institution engaging in check cashing transactions, Leon's Pawn and Rental, Inc.

---

[1] The offer of proof does not encompass all of the proof that the United States would offer at trial but only the proof that would be necessary to support the elements of the charges to which the defendant is pleading guilty. The United States possesses, or may possess, other evidence which may be redundant to the evidence described below or otherwise unnecessary to the purposes of this stage of the proceeding. The United States possesses, or may possess, other evidence which will more fully inform the Court as to the appropriate sentence. Neither the Court nor the defendant should consider this pleading as inclusive of all evidence known to the government or a self-imposed limitation on the evidence it may use in the future for purposes other than to support the entry of plea.

and Leon's Finance, Inc. were required to file a Currency Transaction Report (CTR) with FINCen each time either business engaged in a "transaction in currency" involving more than $10,000 by or on behalf of the same customer on the same day and was prohibited from "structuring" transactions or a series of transactions involving $10,000 to purposely avoid the reporting requirement.

A search of the FinCEN database was conducted. Although Huston told investigators that he may have filed 2 or 3 CTRs by mail over the years, no CTRs were found to have been filed for Leon's Pawn or Leon's Finance. A FinCEN representative would testify that when a person registers as an MSB, multiple documents are sent to the business and made available to them to assist them in knowing when and how to file the appropriate financial reports, including CTRs.

The Internal Revenue Service examined Huston's business practices and determined that Huston cashed checks for clients at his pawn shops which were endorsed by the client and then deposited, with a pawn shop endorsement on the back of them, showing they were negotiated through Huston's pawn shops. In order to replenish his cash supply to cash checks, Huston then made a corresponding withdrawal from his bank accounts that either matched or was close to the amount of the deposited checks.

Between June 11, 2009, and September 3, 2011, Huston cashed 19 checks of $10,000 or more and three checks for Hailey Belcourt, which totaled $20,000, on November 30, 2010. The Hailey Belcourt transaction, even though broken up, would be a "structured" transaction to avoid a CTR. Additionally, Huston cashed 6 checks of $2,500 each, totaling $15,000, for a customer on November 17, 2009.

### THE DEFENDANT'S STATEMENT OF ACCOUNTABILITY

On August 18, 2014, Huston submitted a memorandum in support of his guilty plea that admits the failure to file a CTR on one occasion.

For purposes of the guilty plea, the defendant's admission is sufficient to meet every element of the statute charged in Count I of the Superseding Information. The United States agrees that it provides a basis in fact, as required by Rule 11 of the Federal Rules of Criminal Procedure, for acceptance of the defendant's guilty plea.

> If, during the plea colloquy, the government's statement or the defendant's own version of the facts sets forth all elements and conduct of the offense, admission to that conduct sufficiently establishes the defendant's understanding of the charge.

*United States v. Martinez-Martinez*, 69 F.3d 1215, 1220 (1st Cir. 1995); *see also United States v. Cazares*, 121 F.3d 1241, 1248 (9th Cir. 1997) (recognizing defendant may plead to certain facts that establish conviction).

DATED this 22nd day of August, 2014.

                              MICHAEL W. COTTER
                              United States Attorney

                              */s/ Carl E. Rostad*
                              CARL E. ROSTAD
                              Assistant U.S. Attorney

                              */s/ Ryan G. Weldon*
                              RYAN G. WELDON
                              Assistant U.S. Attorney